IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00703-PAB

JP MORGAN CHASE & CO.,
JP MORGAN SECURITIES, LLC, and
JPMORGAN CHASE BANK, N.A.,

      Plaintiffs,

v.

MICHAEL SCOTT SMITH and
WESTON M. MILLNER,

      Defendants.

---

## TEMPORARY RESTRAINING ORDER

---

This matter comes before the Court on the Stipulated Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(b) [Docket No. 13] and plaintiffs' Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(b) and D.C.COLO.LCivR. 65.1(a)(1)(2) [Docket No. 4]. In the stipulated motion, plaintiffs JP Morgan Chase & Co., JP Morgan Securities, LLC, and JPMorgan Chase Bank N.A. (collectively, "JPMC"), and defendants Michael Scott Smith ("Mr. Smith") and Weston M. Millner ("Mr. Millner") agree to entry of a Temporary Restraining Order ("TRO") pending an expedited arbitration hearing before the Financial Industry Regulatory Authority ("FINRA").

To justify the issuance of a temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips

in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

The Court finds that JPMC has established a likelihood of success on the merits on at least plaintiffs' contractual confidentiality and trade secret claims.  The exhibits to the complaint, which defendants have not disputed, demonstrate that defendants were contractually obligated to maintain the confidentiality of client information.  An exhibit to the complaint is a declaration from Christian Goebel, a JPMC "Executive Director—Market Director."  Docket No. 1-2.  The declaration claims that defendants "took, used, disclosed, and converted, for the benefit of themselves and Wells Fargo, JPMC's Confidential Information, including but not limited to its client account information; lists of client names, addresses, and telephone numbers; client net worth and investment objectives; and similar confidential client information."  *Id.* at 15, ¶ 63. Such "confidential information" likely constitutes a trade secret under Colorado law, given JPMC's allegations that the identity of its clients is "the lifeblood of its business," is not "ascertainable through sources outside" JPMC, and that JPMC "limits access" to this information "through the use of secured building access, copy-controlled documents, and multiple layers of password protections for computer databases[.]"  Docket No. 1 at 5-6, ¶¶ 19, 21.[1]  This is sufficient to satisfy the likelihood of success

---

[1]JPMorgan Chase analyzes its claims under both Colorado and New York law. *See* Docket No. 4 at 11-12 & n.4.  The result is the same regardless of which state's law applies.  In Colorado, courts consider the following factors in determining whether a trade secret exists:

(1) the extent to which the information is known outside the business; (2) the

element for the purpose of the TRO [Docket No. 4].  The Court further finds that JPMC

has established that it will suffer irreparable harm in the absence of a TRO, given the

above-described allegations concerning the importance of JPMC's customer

information to its business.  *Cf. Otter Prods., LLC v. FreeCo, Inc.*, No. 10-cv-02028-

LTB, 2011 WL 1542150, at *3 (D. Colo. Apr. 25, 2011) ("Loss of customers, loss of

goodwill, and threats to a business' viability can constitute irreparable harm") (citations

omitted).  The Court finds that the balance of equities weighs in favor of injunctive relief,

as JPMC has demonstrated harm to its business if a TRO is not issued.  Finally, the

Court finds that the public interest factor is neutral.  Weighing the relevant factors,

including the fact that the parties have stipulated to injunctive relief in this matter, the

Court finds that a TRO is warranted in this case.

The parties include, as part of their proposed TRO, that "this matter is compelled

to arbitration before FINRA in accordance with Rule 13804 of the FINRA Code of

Arbitration Procedure for Industry Disputes."  Docket No. 13-1 at 2.  However, the

parties have not provided stipulated facts on which the Court could base an order

---

extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003) (citing *Colo. Supply Co. v. Stewart*, 797 P.2d 1303, 1306 (Colo. App. 1990)).  The factors considered by New York courts are substantially similar.  *See Ashland Mgmt. Inc. v. Janien*, 624 N.E. 2d 1007, 1013 (N.Y. 1993).

compelling the parties to arbitrate the dispute.  Moreover, the complaint [Docket No. 1] contains no claim to enforce an arbitration agreement, which by itself precludes the Court from entering injunctive relief beyond the scope of the claims.  Accordingly, the Court will not adopt this portion of the parties' proposed TRO.

Wherefore, it is

**ORDERED** that plaintiffs' Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(b) and D.C.COLO.LCivR 65.1(a)(1)(2) [Docket No. 4] is **GRANTED** in part.  It is further

**ORDERED** that the parties' Stipulated Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(b) and Request to Vacate Hearing [Docket No. 13] is **GRANTED** in part as reflected in this order.  It is further

**ORDERED** that, on or before April 13, 2016, plaintiffs will file an Amended Complaint dismissing all claims against defendant Weston M. Millner.  It is further

**ORDERED** that defendant Michael Scott Smith is temporarily enjoined from:

(a) soliciting or initiating contact with JPMC clients who were serviced by Mr. Smith while he was employed at JPMC or whose names became known to Mr. Smith by virtue of his employment with JPMC (excluding Mr. Smith's family members).  Mr. Smith can meet with JPMC clients (identified to JPMC's counsel), if the client has requested the meeting; and

(b) using or divulging "Confidential Information," as that term is defined in the Chase Investment Services Corp. Supervision, Arbitration, Confidentiality and Non-Solicitation Agreement (*see* Docket No. 1-7).  It is further

4

**ORDERED** that the parties shall not destroy, delete, or discard relevant information pertaining to a party's claim or defense in this action.  It is further

**ORDERED** that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, this Order shall expire 14 days after entry unless before that time the Court, for good cause, extends it for a like period or the adverse party consents to a longer extension.  It is further

**ORDERED** that, given the parties have stipulated to entry of a temporary restraining order, the Court finds that no bond is necessary.

DATED April 6, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge